UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| In Re:            * <br> Sherman Taft Hill    * <br>            * <br> Debtor        * <br> -----------------------------------------* <br> Thomas Kemp,      * <br>        Plaintiff,     * <br> vs.             * <br> Sherman Taft Hill,    * <br>        Defendant.   * <br>             * | Chapter  7 <br> Case No. 15-14475 <br><br> Adversary Proceeding No. |

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

Plaintiff-Creditor, Thomas Kemp, by his undersigned attorneys, herby files this Complaint against Defendant-Debtor Sherman Taft Hill for the determination of the non-dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2) and 523(a)(6) and as grounds respectfully alleges:

### JURISDICTION

1.      On March 30, 2015, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland at Baltimore.

2.      On May 4, 2015, the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

3.      As of the date of this Complaint the Debtor has not been granted a discharge.

1

4.      This Complaint is timely because the date by which a Complaint to determine the dischargeability of a debt expires on July 6, 2015.

5.      This is an adversary proceeding in which the Plaintiff-Creditor is seeking a determination as to the dischargeability of the debt owed by the Defendant to Plaintiff under Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(6).

6.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 , 157(a), and 11 U.S.C. §§ 523(a)(2)(A), (4), and (6).  Venue is appropriate pursuant to 28 U.S.C. §§ 1408 & 1409.

7.      This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) (A), (B), (F), (H), (I), (J) and (O) and is related to the Chapter 7 case instituted by the debtor.

## PARTIES

8.      Plaintiff-Creditor, Thomas Kemp ("Kemp" or "Plaintiff"), is a citizen of Maryland, with a residence located at 10020 Dolfield Road, Owings Mills, MD 21117.

9.      Defendant-Debtor, Sherman Taft Hill ("Hill" or "Defendant")  is the Debtor in the above-captioned case and resides at 4515 King George Court, Perry Hall, MD 21128.  Hill is the President of a limited liability company known as Colonial Tidewater Realty Income Partners, LLC ("CTRIP").   On November 8, 2013, Plaintiff filed a complaint in the Circuit Court for Baltimore County against Hill, CTRIP, and James R. Glover, a managing member of CTRIP, for common law claims including, fraud, breach of contract, negligence and statutory violations of the Maryland Securities Act ("MSA") in connection with the offer and sale of securities issued by CTRIP.

2

## RELEVANT FACTS

10.     Kemp works as a professor at the Community College of Baltimore – Essex Campus and became familiar with Glover over the many years they worked together at the school. In approximately May 2012, Glover approached Kemp about participating in study he was conducting, allegedly in connection with his work as business professor, regarding "retirement planning".

11.     Kemp accepted Glover's invitation and filled out a survey seeking information about his assets, income, liabilities and retirement goals. As result of the information contained in the survey, Glover learned that Kemp owned a life insurance policy which had a cash value of $50,000.

12.     Glover advised Kemp that the life insurance was not a "good investment" and that he should cancel the life insurance policy and then take the cash value of the life insurance policy and invest it in CTRIP. Glover advised Kemp that if he invested in CTRIP his money would double within two years. Glover's solicitations of Kemp to invest in CTRIP continued over the course of a few meetings, one of which Hill participated in and spoke. As a result of Glover's and Hill's solicitations, Kemp agreed to invest $50,000 in CTRIP.

13.     Kemp believed Glover and trusted and relied upon his judgment as a professor of business, as a professional financial advisor and as a friend and co-worker.

14.     During the course of their solicitation of Kemp, Glover and Hill, in violation of their legal and fiduciary obligations, falsely represented to Kemp that the CTRIP securities were safe and secure investments and would be appropriate for an individual like Kemp who was approaching retirement. Glover also misrepresented that an investment in CTRIP was more suitable for an individual approaching retirement than the life insurance policy Kemp owned.

3

Glover and Hill failed to provide Kemp with an offering memorandum, prospectus or any other truthful written material which disclosed all of the risks of the CTRIP investment, the financial condition of the CTRIP enterprise, the manner in which the CTRIP enterprise was managed, potential conflicts of interest between management and investors, or the legal rights of investors' vis-à-vis management and/or other past or future investors.

15.     During the course of Defendants' solicitation of Kemp and prior to Kemp's investment, Glover and Hill, in violation of their legal and fiduciary obligations, intentionally failed to disclose the following material facts:

- CTRIP was a highly speculative, illiquid investment which could result in a complete loss of the funds invested.

- CTRIP was in severe financial distress.

- In May 2012, Glover was terminated from his position as financial advisor with Signator as a result of his unlawful offer and sale of the CTRIP securities.

- Glover's license to offer and sell securities had been terminated.

- An SEC investigation had opened regarding CTRIP's unlawful offer and sale of the securities.

- Sufficient financial information (assets, liabilities, income, etc.) in order to reveal the true financial condition of CTRIP.

- The offer and sale of the CTRIP securities was in violation of state and federal securities laws.

- The compensation or financial benefits Glover and/or Hill would receive as a result of Kemp's investment.

- The CTRIP securities did not correspond to Kemp's investment objectives and risk tolerance.

- Investors in CTRIP would not be treated equally as some investors would be entitled to current distributions and while others were not.

4

16.     In reliance upon Glover's and Hill's intentional misrepresentations and omissions of material fact, Kemp trusted Glover's and Hill's advice and invested $50,000 of his savings in CTRIP in August 2012.

17.     Since the time of his $50,000 CTRIP investment, Kemp has not received back any principal or interest.

### Count I - Non-Dischargeability of Plaintiff's Claims Under 11 U.S.C. § 523(a)(2)(A)

18.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 17.

19.     In violation of the fiduciary duties Hill owed to Kemp, Hill engaged in a fraudulent course of conduct by soliciting by soliciting Plaintiff to invest his savings in the highly speculative, illiquid and unlawfully offered CTRIP securities. Hill's conduct constituted actual fraud because he made material omissions and misrepresentations of fact with regard to the CTRIP securities with the intent to defraud. Hill intended for Kemp to rely upon his omissions and misrepresentations. Kemp reasonably and justifiably relied on Hill's omissions and misrepresentations to his detriment.

20.     Hill's acts and omissions constituted a constructive fraud because (1) they constituted illegal offers and sales of securities, and (2) his conduct was inherently deceptive because it actually deceived Plaintiff into thinking that the CTRIP securities were a safe, suitable and secure investment. Unfortunately for Plaintiff, the reality is that he purchased highly speculative, illiquid and illegally issued investments. Moreover, Hill's conduct in the offer and sale of the CTRIP securities to an unsophisticated investor like Plaintiff, in the manner it did would have the tendency to deceive the public at large and Plaintiff, in particular. Hill's actions

5

constituted a constructive fraud and/or false representations because they were inherently deceptive and actually deceived Kemp.

21.     The Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

22.     Plaintiff's claims against Hill constitute a non-dischargeable debt because it is debt for money or property that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § § 523(a)(2)(A).

## Count II - Non-Dischargeability of Plaintiffs' Claims Under 11 U.S.C. § 523(a)(6)

23.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 22.

24.     At all times relevant to this Complaint, Hill had both legal and fiduciary duties to disclose all material facts regarding the CTRIP securities, and had a duty to refrain from misrepresenting and omitting material facts in connection with the offer and sale of the Colonial securities. In violation of the aforementioned requirements and duties, Hill, individually and by and through his agents, servants, employees and/or officers, Glover, made misrepresentations and omissions of material fact regarding the CTRIP securities which Hill knew were false and misleading. Hill intended for Plaintiff to rely upon his omissions and misrepresentations. Plaintiff reasonably and justifiably relied on Hill's omissions and misrepresentations to his detriment.

25.     In purposefully breaching its fiduciary obligations, Hill acted with actual malice, spite, ill-will, and intent to injure and defraud Plaintiff.

26.     As a proximate result of Hill's fraudulent omissions and misrepresentations, Plaintiff has suffered substantial damages.

27.     The Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (2) for willful and malicious injury by the debtor to another entity or the property of another entity

28.     Plaintiff's claims against Hill constitute a non-dischargeable debt because it is debt for willful and malicious injury by the debtor within the meaning of Bankruptcy Code § 523(a)(6).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment determining that claims alleged by Plaintiff against Debtor are non-dischargeable under Bankruptcy Code § § 523(a)(2)(A) and 523(a)(6), and grant Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Thomas C. Costello (Fed. Bar No. 22978)
Anne L. Preston (Fed Bar No. 29639)
Matthew T. Holley (Fed Bar No. 19001)
Costello Law Group
409 Washington Avenue, Suite 410
Towson, Maryland 21204
(410) 832-8800

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2015, a copy of the foregoing was sent via first class mail to:

Sherman Hill
4515 King George Court
Perry Hall, Maryland 21128

*Debtor*

and

Wilbur W. Bolton
102 S. Parke Street
Aberdeen, Maryland 21001

*Attorney for Defendant-Debtor, Sherman Taft Hill*

and

Joseph J. Bellinger
Offit Kurman
300 E. Lombard Street
Suite 2010
Baltimore, Maryland 21202

*Bankruptcy Trustee*

Anne L. Preston

8